JEWELL v. JEWELL.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. DIVORCE—JUDGMENTS—DEFAULT—VACATION.
 An action for divorce was placed on the calendar for the first time in February, 1904, and, by arrangement of the parties, was continued until the March term, when defendant was granted a postponement for illness. On March 16th a further postponement was asked on the ground that defendant was seriously ill, and confined to her bed in a sanitarium, with a leg in a plaster cast, which was supported by a physician's certificate. The court declined to permit a postponement, but plaintiff intimated to defendant's attorney that if defendant would personally sign a stipulation to try the case in April, or consent to a reference, the case might be continued to the April term. Such stipulation was signed, but, notwithstanding it, the court directed the case to be heard when reached, and on March 24th entered defendant's default. *Held*, that defendant's showing on her application for postponement was sufficient, and that her application to open the default on that ground should have been granted.

2. SAME—PROOF.
 Where, in an action for divorce on the ground of adultery, defendant filed an answer of recrimination, charging plaintiff with having committed adultery with a servant girl, evidence of such servant, consisting of confessions made to her by defendant, of which she informed plaintiff. was insufficient to entitle plaintiff to a divorce on defendant's default.

Appeal from Special Term, New York County.

Action by James A. Jewell against Caroline L. Jewell for divorce. From an order denying defendant's motion to open a judgment in favor of plaintiff by default, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ..

Louis J. Grant, for appellant.

William N. Cohen, for respondent.

PATTERSON, J.  The plaintiff, suing for an absolute divorce, in his complaint charges the defendant with the commission of no less than 17 acts of adultery, with 7 different persons.  The defendant, in her answer, recriminates, and charges the plaintiff with having committed adultery with a servant girl.  Issues were framed for trial by jury, and the cause appeared on the calendar for the first time in February, 1904.  It was adjourned for about two weeks at the defendant's request.  By arrangement between the parties, the case stood over for trial until the March term.  At that term application was made for a postponement by the defendant on the ground that she was seriously ill, and confined to her bed in a sanitarium, away from New York City, with her leg done up in a plaster cast.  On March 16th the facts were stated to the court by the defendant's attorney, and a physician's certificate was produced, showing the condition of the defendant, and a postponement of the trial was asked.  It was opposed, and affidavits were submitted, and the case was called again on the 21st of March.  Another certificate was then presented, showing the defendant's condition, to the effect that she was unable to appear in court, and would not be able to attend for some time, and that she was suffering from chronic inflammation of the knee and from nervous prostration.  The court would not permit a postponement of the case, but thereupon counsel for the plaintiff intimated to the defendant's attorney that if the defendant would personally sign a stipulation either to try the case in April, or consent to a reference, it would be allowed to go over to the April term.  Such a stipulation was prepared, and a letter accompanying it was sent to the defendant, who signed the stipulation and returned it.  Notwithstanding this stipulation, the court directed the cause, which was awaiting its turn on the day calendar, to be heard when it was reached.  It was reached on the 24th of March, and the default of the defendant was taken.  The plaintiff undertook to prove his case by the servant girl named by the defendant as co-respondent with the plaintiff in the charge of adultery made against him, and the witness testified only as to confessions made to her by the defendant, and to some circumstances slightly sustaining her testimony.

The default should be opened.  On reading the affidavits, we think the claim of the defendant that she was too ill to attend the trial was meritorious; but, further than that, a decree of absolute divorce, with all its accompanying disastrous incidents, should not be entered in such a case as this upon the testimony of an alleged co-respondent of a person seeking the divorce.  We do not mean to express any opinion or intimate any view respecting the merits of this case.  It is sufficient to say that, upon the technical ground of the application, we think the motion should have been granted, and, further, that the issues should not be disposed of simply upon the testimony of a person situated as the plaintiff's witness was.  She was the informant, as it would appear.  It was she who advised the plaintiff of his wife's alleged infidelity, and she gives a most extraordinary account of the

sources of her knowledge. She is greatly interested in the result of the trial, and should be subjected to a rigid cross-examination.

The order should be reversed, with $10 costs and disbursements, and the motion to open the default granted, with $10 costs, and the cause set down for trial for the October term. All concur.